NORTHERN ASSURANCE COMPANY OF LONDON v. JOHN R. HAMILTON ET AL.

FILED JANUARY 7, 1897.   No. 7009.

Insurance: CANCELLATION BY AGENT: LIABILITY OF AGENT FOR PRE-
MIUMS. A fire insurance agent issued policies on behalf of his
principal, the premium of which amounted to $———. Learning
that his agency was, or was about to be, revoked, he canceled such
policies and issued in lieu thereof others on behalf of insurance
companies of which he was also agent. He did not cancel any of
said policies at the request of his principal, at the request of the
insured, nor because an exigency had arisen which made it neces-
sary for him to cancel them for the protection of his principal's
interest. His principal sued him for the premiums collected and
he interposed the cancellation of the policies as a defense. *Held,*
That the defense was untenable, and that the agent was liable for
the premiums of the policies canceled.

ERROR from the district court of Douglas county. Tried below before OGDEN, J.  *Reversed.*

The facts are stated by the commissioner.

*Montgomery & Hall,* for plaintiff in error:

The agent's action in attempting to cancel the policies was a flagrant violation of the duties he owed his employer, and should not be sanctioned by the courts. It was entirely inconsistent with the law which governs the relation of principal and agent. (*Davis v. Hamlin,* 108 Ill., 39; *Warren v. Burt,* 58 Fed. Rep., 101; *American Steam*

*Boiler Ins. Co. v. Anderson,* 29 N. E. Rep. [N. Y.], 231; *Rockford Watch Co. v. Manifold,* 36 Neb., 801; *Jansen v. Williams,* 36 Neb., 869; *Oliver v. Lansing,* 48 Neb., 338; *Edmonstone v. Hartshorn,* 19 N. Y., 9; *United States Fire & Marine Ins. Co. v. Tardy,* 2 Ins. L. J. [Ala.], 672; *Scottish Union & Nat. Ins. Co. v. Dangaix,* 15 So. Rep. [Ala.], 956; *Frazen v. Zimmer,* 90 Hun [N. Y.], 103; *Milwaukee & Wyoming Investment Co. v. Johnston,* 35 Neb., 560; *Ambler v. Phillips,* 19 Atl. Rep. [Pa.], 71; *Hibbard v. Peck,* 44 N. W. Rep. [Wis.], 641; *Globe Milling Co. v. Minneapolis Elevator Co.,* 46 N. W. Rep. [Minn.], 306; *Ulmer v. Farnsworth,* 15 Atl. Rep. [Me.], 65; *Farnsworth v. Hemmer,* 1 Allen [Mass.], 494; *Bowe v. Hyland,* 46 N. W. Rep. [Minn.], 142; *Raisin v. Clark,* 41 Md., 158; *Merchants Ins. Co. of Newark v. Prince,* 52 N. W. Rep. [Minn.], 131.)

*Joseph R. Clarkson, contra.*

RAGAN, C.

The Northern Assurance Company of London (hereinafter called the company) brought this suit in the district court of Douglas county against John R. Hamilton and the sureties on his bond, as the company's agent, to recover a sum of money which the company alleged Hamilton had collected as premiums for insurance risks placed by him and not accounted for. The defense of Hamilton, so far as the same need be noticed, was that he had liquidated the sum sued for by canceling policies issued by him as agent of the company, the premiums for which policies equaled the sum sued for, and that he made such cancellations in pursuance of a usage and custom existing among insurance men in the city of Omaha, where he resided, and in other parts of the United States. Hamilton had a verdict and judgment and the company brings the case here for review on error.

There is little or no conflict in the evidence, which shows that the company appointed Hamilton its agent in August, 1891, to solicit and write insurance for it in

Omaha and vicinity; to collect the premiums paid; to transact generally on its behalf the business of a local insurance agent; that it revoked his agency on the 25th of November, 1891, and that he owes the company the sum sued for unless he has liquidated it by canceling its policies as pleaded by him. Hamilton's method of liquidating the debt sued for by canceling its policies may be illustrated thus: On behalf of the company, Hamilton issues policies to A, B, and C, the premiums for which amount to $1,000. Deducting Hamilton's commissions, there remain in his hands $700 premiums belonging to the company. He remits to the company $300 of this sum. He then learns that his agency has been, or is about to be, revoked, and without the request of the insured he cancels the policies issued to A, B, and C, and instead of refunding to them the premiums they had paid he places their risks in other insurance companies, of which he is also agent, and when sued for the $400 he sets up as a defense the cancellation of the policies of A, B, and C. This is a novel way of paying a debt. The company made Hamilton its agent for the purpose of building up and extending its business, and for the purpose of taking insurance risks, not for the purpose of destroying it; and the law required of Hamilton that, as the company's agent, he should act in good faith with it and do what he could to extend its business. We do not say that an agent of an insurance company may never cancel a risk issued by him on behalf of his principal, but we do say that he has no right to cancel such a risk without the request of his principal or the request of the insured, unless an exigency has arisen which makes it his duty to cancel the risk in order to subserve the interests of his principal; we do say that he has no right to cancel a risk solely for the purpose of furthering his own ends, and in his own interest and against his principal's interest. Hamilton did not cancel these risks at the request of his principal, nor at the request of the insured, nor did he cancel them because an exigency had arisen

which made it necessary for him to cancel them in order to protect his principal's interest. He canceled them solely because he knew that his agency was revoked, or was about to be revoked, and for the purpose of having these risks carried by companies for whom he was agent. In doing this he was working against the interest of his principal.

Counsel for the insurance company have furnished us a brief and cited numerous authorities to show that Hamilton's conduct in this case was indefensible. We have no doubt the authorities sustain counsel's view; we have not examined them; no authorities are necessary. On the broad principles of common sense and fair dealings, Hamilton cannot be allowed to liquidate his debt to the company in the manner attempted in this case. No evidence was introduced on the trial to sustain the plea of Hamilton that he made these cancellations in pursuance of a custom, and it is not suggested, either by pleading or evidence, that he canceled these risks in good faith for the purpose of protecting his principal, or that he did so at the request of either his principal or the insured. Nor can the judgment be sustained upon the ground of a ratification of Hamilton's acts by the company. The judgment is wrong. It is reversed and the cause remanded.

REVERSED AND REMANDED.